| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IDALBERTO ZALDIVAR-GALVEZ,<br><br>　　　　Defendant. | No.  1:23-cv-00192 GSA (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION DOCKETED JANUARY 11, 2024<br><br>(ECF No. 12)<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT DUE **FEBRUARY 13, 2024** |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　Before this Court is Plaintiff's request for a fifteen-day extension of time to file a first amended complaint.  Within that motion is a request that the Court strike its order that directed Plaintiff to amend his complaint as well as a request that the Court permit him to "append" his complaint.  ECF No. 12.

　　　For the reasons stated below, Plaintiff's request for an extension of time will be granted.  However, Plaintiff's request that the Court "strike" its order which has directed him to file an amended complaint will be denied, as will Plaintiff's request that he be permitted to "append" documents to the original complaint.

1

I.  BACKGROUND

On February 9, 2023, Plaintiff's complaint was docketed, as was his request to proceed in forma pauperis. See ECF Nos. 1, 2. After Plaintiff filed his prison trust fund account statement in February (ECF No. 6), in March 2023, the Court granted his application to proceed in forma pauperis (ECF No. 7). Shortly thereafter, Plaintiff filed an unsolicited "affidavit" with the Court. ECF No. 9. In the document, Plaintiff alleges precisely how Defendant Zandivar-Galvez has failed to properly treat him. See generally id. Plaintiff also attached exhibits to the affidavit. ECF No. 9 at 7-11.

On March 14, 2023, a "motion to append" filed by Plaintiff was also docketed. ECF No. 10. In it Plaintiff asked the Court to add another defendant and claims to the original complaint. See generally id. Recently, the Court denied Plaintiff's motion and explained to him that he would need to file an amended complaint that contained all claims and all defendants. ECF No. 11 at 2. At that time, Plaintiff was given until January 19, 2024, to file an amended complaint. Id.

The instant motion requesting: (1) an extension of time to file an amended complaint; (2) the Court's order directing Plaintiff to file an amended complaint be stricken, and (3) the Court issue an order allowing Plaintiff to append documents to his complaint, was docketed on January 11, 2024. ECF No. 12. The Court considers the motion herein.

II.  DISCUSSION

Plaintiff's motion for an extension of time to file an amended complaint will be granted. As a result, he will be given a final additional fifteen days in which to file one. The Clerk of Court will be directed to send Plaintiff a copy of the Court's civil rights complaint form. Plaintiff **must** use this form. When filling it out, the Court again reminds Plaintiff that the amended complaint must contain **all** claims and **all** defendants.

Plaintiff's motion that the Court vacate its order which directs him to file an amended complaint, and his motion for the Court to permit him to "append" documents to his original complaint, will both be denied. The law does not permit Plaintiff to attach or "append" additional claims to his original complaint in separate subsequent documents, nor does it permit

2

Plaintiff to add additional defendants to his complaint in this way.  Once again, **any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.**  See L.R. 220 (E.D. Cal. 2009).  This is because an amended complaint supersedes any earlier filed complaint and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a copy of this Court's Civil Rights Complaint By A Prisoner form;

2. Plaintiff's motion docketed January 11, 2024 (ECF No. 12), will be GRANTED IN PART and DENIED IN PART as follows:

   a. GRANTED IN PART to the extent it asks for a fifteen-day extension of time to file an amended complaint;

   b. DENIED IN PART to the extent it requests the Court to vacate its December 21, 2023, order which directed Plaintiff to file an amended complaint, and

   c. DENIED IN PART to the extent that it requests the Court to allow Plaintiff to have recent documents filed with the Court simply attached to his original complaint.

3. Plaintiff shall file a first amended complaint by **February 13, 2024**, on the form that the Clerk of Court provides to him.

**Plaintiff is cautioned that failure to timely file an amended complaint and/or to comply with the directives in this order may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:   **January 29, 2024**              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28