# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RODRIGUEZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>ZALDIVAR-GALVEZ,<br><br>                    Defendant. | Case No.  1:23-cv-00192-FRS (BAM) (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 17)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Raul Rodriguez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's second amended complaint is currently before the Court for screening.  (ECF No. 17.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events in the complaint are alleged to have occurred.  Plaintiff names Idalberto Zaldivar-Galvez, Primary Care Physician, License Number A-173456, as the sole defendant.

Plaintiff alleges that he has suffered continued right upper quadrant pain, internal hemorrhaging (black, tarry, odiferous stools), emesis containing emesis (vomit) – bile colored, gross anemia, significant weight loss, lethargy, weakness, et seq.  These symptoms were ignored and not treated.  Plaintiff was told by Defendant Galvez of treatment and tests ordered, that nurse practitioners investigated treatment/tests delays, but they were never ordered by Defendant.

Defendant verbally refused to treat Plaintiff for serious increase of: epigastric/right upper quadrant pain, internal hemorrhaging.  "I'm not paying to put gas in the ambulance to drive to Bakersfield."  Defendant refused to comply with any properly needed intervention required by medical license law.  Defendant refused to accept the recommendations professionally recommended by medical experts.

Plaintiff alleges that he suffered a life-threatening crisis over three years, no medical abatement was enacted due to Defendant's avoidance, delay, and incompetence.

2

Plaintiff further alleges that Defendant falsified his medical credentials and electronically deleted inmate files and/or destroyed medical legal documents.  Defendant enters into the medical records of every prisoner resident at SATF's "F" Yard that he is a "Physician and Surgeon." However, Defendant is not, not has he ever been, a board certified surgeon in California or the continental United States.  Defendant Galvez claims verbally, on CDCR's office computer, on inmate medical records (a legal document), and on inmate medication authorization/prescription that he is a physician and surgeon, but he cannot state what his surgical specialty is.

Plaintiff alleges that Defendant violated the First and Fourteenth Amendments in destroying Plaintiff's medical records (legal documents).

Plaintiff requests a trial by jury and damages.

**III.   Discussion**

Plaintiff's second amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

**A.     Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.  As Plaintiff was previously warned, he must allege facts that support his asserted claims, including dates in the complaint regarding when Defendant began treating Plaintiff and/or when Defendant's treatment of Plaintiff stopped.  (*See* ECF No. 16, p. 6.) Plaintiff failed to provide any further information regarding the timeline of his interactions with

3

Defendant, and the second amended complaint contains even fewer factual allegations regarding what, if any, complaints Plaintiff made to Defendant regarding his medical conditions, and what, if any, treatment Defendant prescribed to Plaintiff for his medical conditions.

### B. Exhibits

To the extent Plaintiff relies on the additional exhibits submitted with his second amended complaint to support his claims, Plaintiff has failed to provide any explanation as to the significance of these exhibits or to otherwise incorporate them into his allegations.

While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Lam v. Cal. Dep't of Corr. & Rehab.*, No. 1:23-CV-01167 BAM PC, 2023 WL 8701254, at *2 (E.D. Cal. Dec. 15, 2023), report and recommendation adopted, No. 1:23-CV-1167 JLT BAM PC, 2024 WL 201269 (E.D. Cal. Jan. 18, 2024) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017)). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

### C. Eighth Amendment – Deliberate Indifference to Serious Medical Need

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

///

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to allege sufficient facts to demonstrate that he was experiencing a serious medical need or that Defendant was deliberately indifferent to such a need. As noted above, Plaintiff also fails to provide any timeline or factual detail regarding Plaintiff's complaints, if any, to Defendant regarding his medical conditions, and Defendant's treatments, if any, of Plaintiff's medical conditions. At most, Plaintiff appears to allege mere indifference, negligence, or medical malpractice, or even gross negligence, which will not support a deliberate indifference claim.

5

*Broughton*, 622 F.2d at 460; *Wood*, 900 F.2d at 1334.  Plaintiff fails to state a cognizable claim for relief for deliberate indifference to a serious medical need.

### D.    Fourteenth Amendment – Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff fails to state a cognizable equal protection claim.  Plaintiff alleges only that Defendant Galvez denied Plaintiff his rights under the Equal Protection Clause, but pleads no further facts regarding whether Plaintiff was a member of a protected class or how he was treated differently than any similarly situated individual.

### E.    False Medical Records

To the extent Plaintiff alleges that his medical records have been fraudulently altered or otherwise falsified when Defendant represented himself as a surgeon as well as a physician, false medical reports do not give rise to a cognizable claim. *Evans v. Diaz*, No. 1:22-CV-00291 ADA BAM PC, 2022 WL 17417816, at *12 (E.D. Cal. Dec. 5, 2022) (failure to state a claim for fabricated medical reasoning in medical report); *Martin v. Pfeiffer*, No. 1:22-CV-00889 AWI BAM PC, 2022 WL 4345686, at *8 (E.D. Cal. Sept. 19, 2022), report and recommendation adopted, No. 1:22-CV 00889 AWI BAM PC, 2022 WL 17406535 (E.D. Cal. Dec. 2, 2022) (Plaintiff's complaint fails to state a claim based on allegations of a false medical injury report); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021) (denying a claim alleging falsified medical report and statements made by Plaintiff),

denying to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV00792-JLT BAM(PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022). False medical information does not state a cognizable claim.

### F.   Prison Regulations and Policies

To the extent Plaintiff alleges that Defendant has not complied with applicable state statutes or prison regulations by representing himself as a surgeon in addition to a physician, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations) ; *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### G.   State Law Claims

To the extent Plaintiff is attempting to bring any claims under California state law regarding Defendant allegedly fraudulently representing himself as a surgeon despite only holding a medical license as a physician, Plaintiff has failed to allege compliance with the claim presentation requirements of the Government Claims Act.

///

///

California's Government Claims Act[1] requires that a claim against the State[2] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Furthermore, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). Here, Plaintiff's second amended complaint fails to state any cognizable federal claims against Defendant. It will therefore be recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any.

**IV.    Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff's second amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards,

---

[1] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[2] " 'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this action.

\* \* \*

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 3, 2026**              /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE

9