# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RODRIGUEZ, | No.  1:23-cv-00192-KES-FRS (BAM) (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SUBMIT EVIDENCE (ECF No. 25) |
| v. | |
| ZALDIVAR-GALVEZ, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE (ECF No. 25) |
| Defendant. | |
| | ORDER EXTENDING DEADLINE TO FILE OBJECTIONS TO FEBRUARY 3, 2026 FINDINGS AND RECOMMENDATIONS |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Raul Rodriguez ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  Currently pending are the Court's February 3, 2026 findings and recommendations recommending that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.  (ECF No. 24.)

Currently before the Court is Plaintiff's motion regarding notice of temporary Magistrate Judge assignment and request for extension of time to submit evidence, filed February 9, 2026.  (ECF No. 25.)  Plaintiff states that he concurs with the temporary assignment notice and requests appointment of an attorney to represent him in this action because since 2022 a minimum of 8

1

inmates housed on "F" Yard Facility have died under Defendant's care.  Plaintiff further requests leave of Court until February 28, 2026 because he is acquiring additional relevant evidence against Defendant.  (*Id.*)

## I.        Motion for Extension of Time to Submit Evidence

As explained in the Court's February 10, 2023 first informational order, a pro se plaintiff need not attach exhibits to his complaint to prove the truth of what is said in the complaint, and for screening purposes, facts stated in the complaint are accepted as true.  (ECF No. 3, p. 3.) Furthermore, parties may not file evidence with the Court until the course of litigation brings the evidence into question.

The undersigned has screened Plaintiff's second amended complaint and found that it failed to state a cognizable claim for relief.  As the submission of evidence is unnecessary at the screening stage, Plaintiff's request for time to obtain additional evidence is denied.

## II.       Motion for Appointment of Counsel

With respect to Plaintiff's request for appointment of counsel, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

2

almost daily by prisoners who must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's second amended complaint was screened and found not to state any cognizable claims, and the Court's findings and recommendations to dismiss this action are pending.  Therefore, the Court cannot evaluate the likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**III.      Extension of Time to File Objections**

Plaintiff's motion includes a proof of service dated February 3, 2026, and appears to have crossed in the mail with the Court's February 3, 2026 findings and recommendations.  Accordingly, to allow Plaintiff time to receive the instant order, the Court finds it appropriate to extend the deadline for Plaintiff to file any objections to the findings and recommendations.

**IV.      Order**

Based on the foregoing, it is HEREBY ORDERED as follows:

1.  Plaintiff's motion for extension of time to submit evidence, (ECF No. 25), is DENIED;

2.  Plaintiff's motion for appointment of counsel, (ECF No. 25), is DENIED, without prejudice; and

3.  Within **fourteen (14) days** from the date of service of this order, Plaintiff may file objections to the February 3, 2026 findings and recommendations to dismiss this action, with prejudice, for failure to state a claim, (ECF No. 24).

IT IS SO ORDERED.

Dated:   **February 11, 2026**              /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

3